| | |
|---|---|
| | |
| | |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry Francis Rawson, | No. cv-07-1438-PHX-ROS |
| Petitioner, | **ORDER** |
| vs. | |
| Rick Mauldin, et al., | |
| Respondents. | |

Pending before the Court is the Report and Recommendations of Magistrate Judge Lawrence O. Anderson. (Doc. 21) Magistrate Judge Anderson recommends the Court deny the Petition for Writ of Habeas Corpus based on it being untimely. Magistrate Judge Anderson also recommends the Court find the petition fails on its merits. Respondents filed objections agreeing that the petition is untimely and that it fails on the merits, but taking issue with certain portions of Magistrate Judge Anderson's analysis. Petitioner did not file any objections.

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 USC § 636(b). Where any party has filed timely objections to the magistrate judge's report and recommendations, the district court's review of the part objected to is to be *de novo. Id.*; *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219,

1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, but not otherwise.") (internal quotations and citations omitted).

Upon review of Respondents' objections, the Court agrees with Respondents that the petition was untimely. Having reached this conclusion, there is no need to consider whether the claims fail on their merits.

On March 31, 2005, Petitioner pled no contest to one count of aggravated driving under the influence. On April 28, 2005, Petitioner was sentenced to six years imprisonment. Because of his no contest plea, Petitioner waived his right to a direct appeal. Petitioner did, however, have the right to seek review under Arizona Rule of Criminal Procedure 32. To seek such review, Petitioner was required to file a petition within 90 days of entry of judgment and sentence. Thus, Petitioner's Rule 32 petition was due on or about July 26, 2005. Petitioner claims to have mailed a petition sometime in July 2005, but no petition was received by the state court until December 13, 2005. The state court found the petition untimely. Petitioner filed his federal petition on July 26, 2007.

A state prisoner seeking collateral relief from a federal court must file his federal petition within one year of "the date on which the judgment became final." 28 U.S.C. § 2254(d)(1). This limitation period is tolled for the "time period during which a properly filed application" for state post-conviction relief is pending. 28 U.S.C. § 2254(d)(2). For purposes of this statutory tolling, a federal district court must defer to the state court's determination of whether the state post-conviction relief request was "properly filed." *Pace v. DiGuglielmo,* 544 U.S. 408, 414 (2005) (holding a state court's finding that a petition was untimely "end[s] the matter" for purposes of determining statutory tolling). *See also Ajamu-Osagboro v. Patrick*, 2009 WL 1546354 at *7 (E.D. Pa. 2009) ("[A] state court determination of untimeliness, like any other determination of state law, is not properly subject to second-guessing on federal habeas review."). An untimely petition is not "properly filed" and does not toll the time for filing a federal petition.

Here, Petitioner's conviction became final "upon the expiration of the time for seeking [state post-conviction] relief." *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007). Thus, the one-year limitation period for federal review began to run on or about July 26, 2005 (90 days after the conviction). The state court found that Petitioner's Rule 32 petition submitted in December 2005 was untimely, and this Court must defer to that finding. Because there was no "properly filed" state post-conviction relief request, there was no statutory tolling and the instant petition was filed well beyond the one-year deadline. Thus, the petition is untimely and must be dismissed.

Accordingly,

**IT IS ORDERED** the Report and Recommendation is **ADOPTED IN PART** and **REJECTED IN PART** as set forth above. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

DATED this 28th day of August, 2009.

Roslyn O. Silver
United States District Judge